IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SEAN RODGERS, O/B/O RICHARD
PAUL RODGERS,

                Plaintiff,

      v.

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                Defendant.

CV-11-0095-TC

FINDINGS AND
RECOMMENDATION

COFFIN, Magistrate Judge:

    Plaintiff Sean Rodgers appeals the Commissioner's decision denying his father's application for disability insurance benefits under Title II of the Social Security Act. Plaintiff appeals on behalf of his father, Richard Rodgers ("Claimant"), who died of causes unrelated to his alleged disability, after the date of the Commissioner's decision.

    The court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision should be affirmed.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Claimant alleged disability beginning in November 2003, due to degenerative disc disease. Admin. R. 17, 121, 125. The administrative law judge ("ALJ") applied the sequential disability determination process described in 20 C.F.R. § 404.1520. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (describing the regulatory decision-making process). The ALJ found Claimant's ability to perform basic work activities limited by degenerative disc disease. *Id.* at 19. The ALJ found that despite this impairment, Claimant retained the residual functional capacity ("RFC") to perform the full range of work at the medium level of exertion. *Id.* at 20. The ALJ compared the physical and mental activities required in Claimant's past work as a cabinetmaker with the demands of work at the medium range of exertion and concluded that Claimant's past work was consistent with his RFC. *Id.* at 22. The ALJ determined that Claimant was not disabled within the meaning of the Social Security Act. *Id.*

## STANDARD OF REVIEW

The court reviews that decision to ensure that proper legal standards were applied and the findings of fact are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under this standard, the Commissioner's factual findings must be upheld if supported by inferences reasonably drawn from the record even if evidence exists to support another rational interpretation. *Batson*, 359 F.3d at 1193; *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

///

///

///

## DISCUSSION

### I.   Assignments of Error

Plaintiff alleges the ALJ erred by failing to evaluate the medical opinion of Neal Berner, M.D., a non-examining agency expert who reviewed Claimant's medical records and case file and gave an opinion regarding Claimant's residual functional capacity. Plaintiff also contends the ALJ failed to properly consider third party lay witness statements.

### II.   Medical Source Statements

Claimant alleged disability beginning in November 2003. He filed his claim in July 2006. Remarkably, he did not seek treatment for his allegedly disabling condition between February 2002 and June 2007.

In February 2007, before seeking any treatment, Claimant underwent a consultative evaluation by Kim Webster, M.D., to evaluate his claim of disability based on low back pain. Admin. R. 195. Dr. Webster noted that Claimant gave good effort during the evaluation, but had inconsistent validity findings in his back examination. Claimant moved easily, had normal gait and station, walked normally, and could stand on either leg, although he had subjective pain when putting weight on the left leg. Claimant used a cane, but Dr. Webster observed no objective evidence that it was medically necessary. Claimant had good muscle bulk and tone and full strength in all muscle groups. Dr. Webster found that Claimant's neuromuscular examination was normal and opined that he had no physical functional limitations, including postural limitations and environmental limitations. *Id.* at 196-98.

In March 2007, Neal Berner, M.D., reviewed the case record and completed a residual functional capacity form. Dr. Berner opined that Claimant could perform the exertional

3 - FINDINGS AND RECOMMENDATION

requirements of medium work, but was limited to occasional climbing, stooping, kneeling, crouching, and crawling, and should avoid concentrated exposure to vibrations. *Id.* at 200-01, 203. Dr. Berner indicated the postural limitations were secondary to subjective back pain and mild limitations in lumbar range of motion. *Id.* at 201, 206. He did not explain how or why the evidence supported the vibration limitation or identify the specific evidence upon which it was based. *Id.* at 203. Dr. Berner cited Dr. Webster's evaluation as the objective support for his opinion, including Dr. Webster's finding that Claimant had no postural limitations. Despite this inconsistency in their opinions, Dr. Berner indicated that Dr. Webster's findings were not significantly different from his own. *Id.* at 205.

In her written decision, the ALJ found that Claimant retained the RFC to perform the full range of work at the medium level of exertion. *Id.* at 20. The ALJ relied on the findings of Dr. Webster and did not explain the weight she gave the opinion of Dr. Berner. *Id.* at 21. Plaintiff contends the ALJ's failure to discuss Dr. Berner's opinion was error. The Commissioner apparently concedes that point, but argues the error was harmless.

The Commissioner relies on medical consultants such as Dr. Berner to make findings of fact about the nature of a claimant's impairments and the severity of the functional limitations they impose. Findings of fact made by such reviewing sources are evaluated as medical opinions. 20 C.F.R. § 404.1527(f); Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, *2, *4. In deciding whether a claimant is disabled, an ALJ must consider medical opinions together with all other relevant evidence and make a determination based on the record as a whole. 20 C.F.R. § 404.1527. The weight given to a medical opinion from a source that has not examined the claimant, depends on the degree to which the source provides a supporting explanation which accounts for all the

pertinent evidence and the extent to which the opinion is consistent with the record as a whole. 20 C.F.R. § 404.1527(d), (f).

As noted, Dr. Berner did not provide a supporting explanation or account for Dr. Webster's opinion that Claimant had no postural or environmental limitations. It is tempting to conclude, based on the ALJ's explicit reliance on Dr. Webster's findings, that she found Dr. Webster's opinion more convincing than Dr. Berner's because it included a physical examination and was consistent with all the evidence the ALJ found credible, while Dr. Berner's opinion was not supported by an explanation and relied on subjective evidence the ALJ found lacking in credibility. The court, however, is constrained to review the reasons given by the ALJ. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 n. 2 (9th Cir. 2008). Here, the ALJ was silent regarding her evaluation of Dr. Berner's opinion. Accordingly, her failure to consider, evaluate, and address in her decision Dr. Berner's assessment of Claimant's RFC was erroneous. SSR 96-6p, 1996 WL 374180, *4.

The Commissioner argues the error was harmless because the ALJ found that Claimant could perform work that did not require the postural activities or exposure to vibrations precluded by Dr. Berner's opinion. Specifically, the ALJ found that Claimant could perform the physical and mental activities required in his past work as a cabinetmaker. Admin. R. 22.

At step four of the decision-making process, a claimant will be found to be not disabled when it is determined that he retains the RFC to perform the actual functional demands and job duties of a particular past relevant job as he performed it, or the functional demands and job duties of the occupation as generally required by employers throughout the national economy. 20 C.F.R. § 404.1520(e); SSR 82-61, 1982 WL 31387, *2. The ALJ can rely on the job descriptions in the Department of Labor publication *Dictionary of Occupational Titles* (4th ed. 1991), *available at*

5 - FINDINGS AND RECOMMENDATION

Case 6:11-cv-00095-TC    Document 16    Filed 01/25/12    Page 6 of 9

http://www.oalj.dol.gov/libdot.htm, ("DOT"), to define the job as it is usually performed in the national economy. SSR 82-61, 1982 WL 31387, *2.

Here the ALJ relied on the job description in the DOT for the occupation "cabinetmaker," which indicates the job is usually performed in the national economy at the medium level of exertion without additional functional limitations. Admin. R. 22. DICOT 660.280-010, 1991 WL 685839. Therefore, an individual can perform the functional demands and job duties of the cabinetmaker occupation as it is generally performed in the national economy, without engaging in the activities precluded by Dr. Berner's opinion. Accordingly, the ALJ's conclusion remains supported, in spite of her erroneous failure to discuss Dr. Berner's opinion. Under these circumstances, the error is harmless. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 & n. 4 (9th Cir. 2008).

Plaintiff argues that Claimant performed additional carpentry and administrative functions as the sole owner and operator of his cabinet shop. He contends the ALJ should have developed the evidence of his past work more fully. This argument is not persuasive because it addresses only the manner in which Claimant actually performed his past work and does not address how the occupation is generally performed in the national economy. Because the step four analysis can be based on either test, the ALJ's determination remains supported under the "as generally performed" analysis, even if it is not supported under the "as actually performed" analysis. 20 C.F.R. § 404.1520(e); SSR 82-61, 1982 WL 31387, *2. Where the ALJ's underlying conclusion remains supported in spite of an error, the error is harmless. *Carmickle*, 533 F.3d at 1162-63 & n. 4.

### III.    Lay Witness Statements

Plaintiff contends the ALJ failed to evaluate two written lay witness statements he submitted in support of his father's claim. An ALJ must consider the statements of non-medical sources who

6 - FINDINGS AND RECOMMENDATION

are in a position to observe a claimant's symptoms and daily activities. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Such lay witnesses are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Lay testimony as to the claimant's symptoms or how an impairment affects the ability to work cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). If the ALJ wishes to discount lay witness testimony, he must give reasons that are germane to the witness. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

In August 2006, Plaintiff submitted a third-party Function Report indicating Claimant could not stand or walk for prolonged periods or lift and carry items weighing greater than 20 pounds. Plaintiff said Claimant's lifting was especially limited from a squatting or bending position. He observed that Claimant climbed stairs rarely and walked 100 to 150 feet before he had to rest for at least five minutes. Admin. R. 143-50.

In May 2009, Plaintiff submitted a second written statement, indicating that he took over his father's shop at the end of 2003. He described the work in the shop as heavy work requiring him to lift sheets of plywood and push them through a saw repeatedly. Plaintiff said Claimant could not be on his feet for more than 30 minutes or long enough to do laundry, wash dishes, or cook. He indicated Claimant could sit for about one hour before he needed to get up and move around, but spent most of a typical day reading, watching television, and talking on the telephone. *Id.* at 168.

The ALJ considered Plaintiff's 2006 Function Report and found it was not supported by the evidence in the record. Admin. R. 22. This conclusion is supported by substantial evidence. Plaintiff's estimates of Claimant's limitations in lifting, standing, walking, and sitting are

7 - FINDINGS AND RECOMMENDATION

contradicted by the findings of examining physicians, including Dr. Webster, and reviewing physicians, including Dr. Berner. The ALJ found Plaintiff's description of Claimant's limitations in activities of daily living inconsistent with Claimant's own testimony about his daily activities. For example, Plaintiff indicated Claimant had significant limitations in the ability to sit, but Plaintiff testified that he could drive a car without limitation and perform chores from a seated position. Claimant testified that he could no longer perform activities as he had when he was younger, but admitted engaging in a wide range of activities, including light household chores, yard work, taking walks, reading, watching television, building models, preparing meals, driving, managing his finances, and taking care of his personal hygiene. *Id.* at 22, 41, 44-45. The ALJ's reasoning is germane to the witness and should be upheld. *Bayliss*, 427 F.3d at 1218.

The ALJ did not separately or expressly discuss Plaintiff's 2009 statement. However, the reasons given by the ALJ for discounting Plaintiff's 2006 Function Report apply equally to Plaintiff's 2009 description of Claimant's limitations in performing daily activities. The 2006 Function Report and 2009 statement are essentially the same regarding the limitations described, and are susceptible to the same reasoning the ALJ applied in discounting the former. Under such circumstances, the omission is harmless error. *Stout*, 454 F.3d at 1056.

The remainder of Plaintiff's 2009 statement describes the work Plaintiff performed after taking responsibility for Claimant's cabinet shop. This is probative evidence that Claimant's past work as he actually performed it required him to engage in activities precluded by the limitations in his RFC. As discussed previously, however, the ALJ's decision is independently supported by evidence that the occupation as generally performed in the national economy is completely within

8 - FINDINGS AND RECOMMENDATION

Claimant's RFC. Accordingly, the ALJ's omission to discuss the remainder of Plaintiff's 2009 statement was also harmless. *Carmickle*, 533 F.3d at 1162-63 & n. 4.

## CONCLUSION

The ALJ erroneously failed to discuss Dr. Berner's opinion and Plaintiff's 2009 lay witness statement, but the errors were harmless. Accordingly, the Commissioner's decision should be AFFIRMED.

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

DATED this 25th day of January, 2012.

_____
Thomas M. Coffin
United States Magistrate Judge